IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHARON J. RAY PLAINTIFF

v. Civil Case No. 4:10CV00724 JTK

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration DEFENDANT

**MEMORANDUM AND ORDER**

Plaintiff, Sharon Ray, brings this action for review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). The only issue before the Court is whether substantial evidence supports that decision.[1] After carefully reviewing the administrative record and the arguments of the parties, the Court finds the Commissioner's decision should be affirmed and the Complaint dismissed with prejudice

I. Procedural History

Plaintiff filed her application for DIB and SSI disability[2]

---

[1]The parties consented to the jurisdiction of a United States Magistrate Judge. (DE #9)

[2]"Disability" is the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuance period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

benefits on March 20, 2008, alleging March 11, 2008, as the onset date. (Tr. 68, 101, 138) The Administrative Law Judge (ALJ) held a hearing on June 17, 2009, Tr. 29, and issued a written decision on December 1, 2009, denying benefits. (Tr. 65-77) The Appeals Council denied Plaintiff’s request for review on April 30, 2010, making the ALJ’s determination the Commissioner’s final decision. (Tr. 2-4) Having exhausted her administrative remedies, Plaintiff timely requested review in this Court pursuant to 42 U.S.C. § 405(g). (Complaint, DE #2)

## II. Standard of Review

The Court’s limited function on review is to determine whether the Commissioner’s decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. § 405(g). Substantial evidence is “less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision.” Cox v. Apfel, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997)).

## III. Background

Plaintiff was born on May 11, 1973, received her GED, and completed one year of college. (Tr. 34-36) She has past relevant work as a line worker. (Tr. 37-38)

## IV. ALJ’s Findings

The ALJ considered Plaintiff’s impairments by way of the

required five-step sequential evaluation process[3] and found "severe" obesity, asthma, diabetes mellitus, and mood disorder. (Tr. 70) The ALJ found that neither impairment, individually or in combination, met or equaled a medical listing. (Tr. 71) The ALJ concluded that Plaintiff's subjective allegations were not fully credible and that she maintained the residual functional capacity[4] (RFC) to perform sedentary work,[5] except that she could not climb ladders, ropes or scaffolds; should avoid concentrated exposure to

[3]"The five-step test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." Steed v. Astrue, 524 F.3d 872, 875 n.3 (8th Cir. 2008) (internal citations omitted).

[4]A claimant's RFC is what he or she can do despite his or her limitations. 20 C.F.R. §§ 404.1545; 416.945. "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling (SSR) 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 61 Fed. Reg. 34474, 34475 (1996).

[5]*Sedentary work*. Sedentary work involves lifting no more than 10 pounds at a time and occasional lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a); 416.967(a).

dust, fumes, gases, odors and poor ventilation; and have only occasional contact with coworkers and the general public. (Tr. 72) The ALJ found Plaintiff was not disabled and could perform several jobs that exist in significant numbers in the national economy, namely that of inspector, sorter, or cutter/paster. (Tr. 76)

V. Discussion

In this appeal, Plaintiff asserts that the ALJ’s decision is not supported by substantial evidence and is based on the following legal errors : (1) step two evaluation; (2) failure to consider the combined effects of her impairments; (3) the credibility of her subjective complaints; (4) failure to properly address her obesity; (5) the residual functional capacity (RFC) determination; and (6) utilization of the vocational expert’s (VE) testimony. (Plaintiff’s Brief, DE #12, at 15)

1. <u>Step two evaluation</u>

Plaintiff alleges disability due to allergies, asthma, obesity, sleep apnea, hypertension, gastritis, ulcers, acid reflux, carpal tunnel syndrome, neural dermatitis, anxiety, and depression. (Tr. 82, 85, 90, 92, 142) The ALJ found severe obesity, asthma, diabetes mellitus, and mood disorder. (Tr. 70) Plaintiff states the ALJ erred at step two of the five-step sequential evaluation by failing to find her GERD, hypertension, sleep apnea, wrist pain, dermatitis, high blood pressure, joint pain, fatigue, osteoarthritis, anxiety, fibromyalgia-like symptoms, and pedal

edema as severe impairments. (Plaintiff's Brief, DE #12, at 15-16) However, no record evidence indicates that they are severe.

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. An impairment is "nonsevere" when medical or other evidence establishes only a slight abnormality that would have no more than a minimal impact on an individual's ability to work. See 20 C.F.R. §§ 404.1520(c); 404.1521(a); 416.921(a); 416.924(c).

Here, the ALJ listed these complained-of impairments, along with Plaintiff's reported symptoms, Tr. 72-73, and he found, after consideration of the evidence, including activities of daily living, medical information from treating, examining and consultative physicians, and the results of medical testing, that none of them were severe. There is substantial evidence to support that finding. The ALJ's decision adequately documents the reasons for these findings, and Plaintiff does not identify any evidence that the ALJ failed to consider in this regard.

2. Impairments in Combination

Plaintiff's second argument is that the ALJ failed to consider all of her complained-of impairments in combination. This argument lacks merit.

"Even an impairment that is not severe by itself must generally be considered in combination with the claimant's other impairments, and "[i]f a medically severe combination of

impairments is found" at step two, "it will be considered throughout the disability evaluation process." Retere v. Railroad Retirement Bd., 465 F.3d 896, 898 (8th Cir. 2006) (quoting 20 C.F.R. § 220.104)[6]. "The ALJ must consider the impairments in combination and not fragmentize them in evaluating their effects." Delrosa v. Sullivan, 922 F.2d 480, 484 (8th Cir. 1991).

In determining that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing, the ALJ considered all of the claimant's impairments and acknowledged such in the opinion. (Tr. 71)

3. Credibility

Plaintiff's next argument is that the ALJ erred in finding that her daily activities detracted from the credibility of her subjective complaints. Specifically, Plaintiff states the ALJ relied solely on her report of activities of daily living, Exhibit 5E, and took the evidence out of context. (Plaintiff's Brief, DE #12, at 17)

To assess Plaintiff's credibility, the ALJ had to consider all of the evidence, including prior work record and observations by third parties and treating and examining physicians regarding daily activities; the duration, frequency, and intensity of the pain;

[6]A comparable provision is found in the Social Security Regulations, see 20 C.F.R. §§ 404.1523, 416.923 ("If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.").

precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ may not discount the claimant's subjective complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole. Id.

Further, "an ALJ need not explicitly discuss each Polaski factor." Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005) (internal quotations and citation omitted). "An ALJ who rejects such [subjective] complaints must make an express credibility determination explaining the reasons for discrediting the complaints." Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001).

Here, the ALJ found that Plaintiff's testimony was credible to the extent that it was not inconsistent with the RFC. The ALJ determined that Plaintiff had several severe physical impairments. (Tr. 70) As stated by Plaintiff, the ALJ considered Plaintiff's daily activities, namely that she has no problems with personal care, except that she sometimes has difficulty shaving her legs and that there are times when pain makes using the toilet difficult for her. (Tr. 163) She prepares her own meals, mows the yard with a

riding mower, cleans the home, shops for food and household items weekly, has no problem handling money, reads, watches television, crochets and visits friends, doctor's offices, and church. Id. at 163-166. Additionally, the ALJ considered the medical evidence in the record, including treating and consultative physician information and the results of objective medical testing. (Tr. 74) The Court is satisfied after careful review of the record that the ALJ's finding that Plaintiff's subjective complaints were not fully credible was adequately explained and supported by the record as a whole.

4. Obesity

Plaintiff states the ALJ's decision did not mention Social Security Ruling (SSR) 02-01p, and therefore, did not properly consider her obesity. This argument must fail.

Plaintiff acknowledges that the ALJ considered her obesity to be a severe impairment; however, she takes issue with the fact that he did not explain whether other conditions (sleep apnea, high blood pressure, joint pain, fatigue) and limitations (sitting, walking, climbing, stopping, etc.) known to be exacerbated or affected by obesity caused her any physical or mental limitations. (Plaintiff's Brief, DE #12, at 18)

SSR 02-1p requires the Commissioner to consider a claimant's claimed obesity when determining whether a claimant is disabled. However, it does not mandate any special procedure for evaluating

obesity. See Armoster v. Astrue, No. 5:08CV0058 BSM, 2008 WL 5424137, at *4 (E.D. Ark. Dec. 30, 2008). The ruling merely reminds adjudicators to consider the effects of obesity, both alone and in combination with other impairments. A fair reading of the ALJ's opinion reveals that he did just that. (Tr. 70, 71-72, 74-75) He found that obesity was a "severe" impairment, Tr. 70, meaning that alone or in combination with other impairments, it significantly limited Plaintiff's physical or mental ability to perform basic work activities and has "more than a minimal effect on claimant's ability to work." See Hudson v. Bowen, 870 F.2d 1392, 1396 (8th Cir. 1989). Based on Plaintiff's impairments, including obesity, the ALJ found, and the record supports, that Plaintiff could perform less than the full range of sedentary work. Thus, the Court concludes the ALJ properly considered Plaintiff's obesity, both under SSR 02-1p and otherwise.

5. Residual Functional Capacity (RFC)

Plaintiff claims the ALJ erred in his RFC determination by relying on non-examining physician opinions and by failing to re-contact her treating physicians to obtain a comment on her ability to function in the workplace. (Plaintiff's Brief, DE #12, at 19-22)

"The ALJ should determine a claimant's RFC based on all relevant evidence including the medical records, observations of treating physicians and others, and an individual's own description

of [her] limitations." Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009)(citing Lacroix v. Barnhart, 465 F.3d 881, 887 (8th Cir. 2006)(quoting Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004)). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." Moore v. Astrue, 572 F.3d at 523 (citing Steed v. Astrue, 524 F.3d 872, 875 (8th Cir. 2008)(quoting Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007)). The ALJ has the role of resolving conflicts among the opinions of various treating and examining physicians, and may reject the conclusions of any medical expert, whether hired by the government or claimant, if they are inconsistent with the record as a whole. Pearsall v. Massanari, 274 F.3d at 1219. Normally, the opinion of a treating physician is entitled to substantial weight, but it is not conclusive in determining disability status and must be supported by medically acceptable clinical or diagnostic data. Casey v. Astrue, 503 F.3d 687, 691 (8th Cir. 2007).

In this case, the fact that Dr. Banning wrote a letter on April 3, 2008, "To Whom It May Concern" stating Plaintiff had "multiple medical conditions" that prevented her from fulfilling her societal obligation to serve on jury duty did not mandate a finding of disability, as it did not state Plaintiff was unable to work. See Davis v. Barnhart, 197 Fed. Appx. 521, 522 (8th Cir. 2006)(citing Ellis v. Barnhart, 392 F.3d 988, 994-95 (8th Cir.

2005)(medical source opinion that applicant is disabled or unable to work involves issues reserved to Commissioner and is not type of opinion to which controlling weight should be given); Holstrom v. Massanari, 270 F.3d 715, 721, (8th Cir. 2001) (treating physician's vague and conclusory opinion is not entitled to deference)). Also, a review of the record indicates the ALJ relied upon all the record evidence, treating, examining and consultative physicians alike, and he gave all of the opinions great weight. (Tr. 74-75) No doctor, treating or otherwise, determined Plaintiff could not work. See Hensley v. Barnhart, 352 F.3d 353, 357 (8th Cir. 2003)(no functional restrictions on activities is inconsistent with claim of disability). In fact, treating physician Shelly J. Banning, M.D., wrote that Plaintiff would benefit from weight loss surgery and that she did "not want to see this lovely and intelligent young woman give up on herself and file for disability. She has too much potential." (Tr. 244) While Dr. Banning stated Plaintiff was "fairly disabled at her present weight [326 pounds]," this opinion came in the form of an unaddressed letter, dated June 17, 2008, written to urge assistance for Plaintiff in obtaining Medicaid or some other kind of medical coverage that would allow her to return to productive employment. See Ramey v. Reinertson, 268 F.3d 955, 962 (10th Cir. 2001) (whether an applicant meets Social Security eligibility requirements is "an inquiry that is different from a state's Medicaid eligibility requirements.").

Further, the ALJ was not required to re-contact Plaintiff's treating physicians. The duty to re-contact a medical source is triggered when the evidence is insufficient to make an informed determination-not when the evidence is insufficient to make a favorable determination. Pearson v. Barnhart, No. 1:04CV300, 2005 WL 1397049, at *4 (E.D. Tex. May 23, 2005). Under the regulations, "[t]he ALJ is required to recontact medical sources ... only if the available evidence does not provide an adequate basis for determining the merits of the disability claim." Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004)(citation omitted). The ALJ is not required to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped. Goff v. Barnhart, 421 F.3d at 791. In this case, the available evidence in the record provides an adequate basis for determining the merits of the disability claim.

6. Vocational Expert (VE) testimony

Plaintiff's final argument is that the ALJ erred at step five. Specifically, Plaintiff states the ALJ's hypothetical question to the VE during the hearing is "slightly different" than the RFC the ALJ assessed in his decision.[7] Plaintiff states the ALJ failed to

---

[7]The ALJ's RFC states Plaintiff can respond appropriately to supervisors and can have occasional contact with co-workers and the general public. During the hearing, the ALJ asked the VE to assume an individual who could "respond appropriately to supervisors and co-workers in usual work settings, but [could] only have occasional contact with the general public." (Tr. 56-57, 72)

ask the VE how or if the jobs listed would be affected if she could have only occasional contact with co-workers. (Plaintiff's Brief, DE #12, at 23) Plaintiff also argues there is no evidence that the numerosity requirement was satisfied or that the ALJ adequately considered whether the jobs he listed existed in significant numbers. Id. at 23-24. These arguments lack merit.

"In our circuit, it is well settled law that once a claimant demonstrates that he or she is unable to do past relevant work, the burden of proof shifts to the Commissioner to prove, first that the claimant retains the [RFC] to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do." Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000) (citing McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (8th Cir. 1982)(en banc); O'Leary v. Schweiker, 710 F.2d 1334, 1338 (8th Cir. 1983)).

Plaintiff has failed to articulate how, if at all, this "slight difference" affects the decision. In the hypothetical, the ALJ asked the VE to assume an individual who could respond appropriately to supervisors and co-workers in usual work settings, but in his RFC, he found Plaintiff could respond appropriately to supervisors but have only occasional contact with co-workers. Plaintiff testified at the hearing that she is claustrophobic and "can't stand anybody close up on top of me." (Tr. 42) She stated, however, that on a day-to-day basis, she did not have problems

getting along with co-workers. (Tr. 48) "A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true." Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001).

Social Security Ruling 85-15 describes "unskilled work" as work that ordinarily involves dealing with objects, rather than with data or people. Accordingly,"unskilled work" incorporates a limitation regarding interpersonal contact, and the VE deemed the jobs of cutter/paster of press clippings, inspector, and sorter as unskilled work. (Tr. 57-58)

Additionally, "[t]o decide whether work exists in significant numbers, this Court has adopted the standards set forth in Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988)." Johnson v. Chater, 108 F.3d 178, 180 (8th Cir. 1997). "After discussing certain factors that a judge might consider in making this determination, such as the reliability of the claimant's and the vocational expert's testimony, the Hall court stated that '[t]he decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation.'" Id. (citing Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988)(quoting Hall v. Bowen, 837 F.2d at 275)).

Here, the Commissioner met the burden of showing Plaintiff was not disabled because the VE's testimony was sufficient to show that

there are jobs available in the economy that she could perform. There were 31,000 cutter paster jobs in the national economy and 235 in Arkansas; 3,300 inspector jobs in the national economy and 300 in Arkansas; and 1,100 sorter jobs in the national economy and 150 in Arkansas. (Tr. 57-58) See Johnson v. Chater, 108 F.3d 178, 180 & n.3 (8th Cir. 1997).

VI. Conclusion

The Court has carefully reviewed the record and finds the Commissioner’s decision to be supported by substantial evidence and free of significant legal error.

THEREFORE, the Court hereby affirms the Commissioner’s final determination and dismisses Plaintiff’s Complaint with prejudice.

SO ORDERED this 9th day of August, 2011.

UNITED STATES MAGISTRATE JUDGE